1   Nancy Knupfer, Esq. (SBN 150051)
    Alan W. Forsley, Esq. (SBN 180958)
2   FREDMAN KNUPFER LIEBERMAN LLP
    1875 Century Park East, Suite 2200
3   Los Angeles, California 90067-2523
    Telephone:    (310) 284-7350
4   Facsimile:     (310) 284-7352

5   Attorneys for Defendants Martin Pemstein
    and Diana Pemstein
6

7

8                   UNITED STATES BANKRUPTCY COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        SANTA ANA DIVISION

11  In re                              )   **CASE NO. 8:10-BK-15552-RK**
12  MARTIN PEMSTEIN and DIANA          )   **Adv. No. 8:10-ap-01369-RK**
    PEMSTEIN,                          )
13                                     )
                                       )   Chapter 11
14                        Debtors.)    )
                                       )   **DEFENDANTS' TRIAL BRIEF**
15  _____)
    HAROLD PEMSTEIN,                   )
16                                     )   Trial
                          Plaintiff,   )   Date: November 30, 2011
17                                     )   Time: 1:30 p.m.
    v.                                 )   Courtroom: 5D
18                                     )
19  MARTIN PEMSTEIN and DIANA          )
    PEMSTEIN,                          )
20                                     )
                          Defendants.  )
21                                     )
                                       )
22  _____)

23

24          Defendants Martin Pemstein ("**Martin**") and Diana Pemstein ("**Diana**")

25  (collectively "**Defendants**") submit this Trial Brief in this adversary proceeding brought

26  by Martin's brother Harold Pemstein ("**Harold**").

27  ///

28  ///

1

# I.

2

## INTRODUCTION

3

Martin and Harold have been litigating in State Court for over 10 years. Ultimately

4

Harold obtained a $696,218.03 judgment (the "**Judgment**") against Martin. Harold

5

quickly sought to enforce the Judgment including a possible sheriff's sale of Defendants'

6

home. As a result, Defendants filed bankruptcy to give themselves additional time to sell

7

their property to pay creditors in full.[1]

8

Notwithstanding the proposed 100% payment, Harold filed the complaint in this

9

matter (the "**Complaint**") alleging four causes of action to prevent the discharge of the

10

Judgment under 11 U.S.C. §§ 523(a)(4) and (a)(6)[2] and to prevent Defendants' discharge

11

under §§ 727(a)(2)(A) and (a)(3). Harold's, declaration, however, does not provide

12

sufficient evidence to prevail on any of the claims.

13

Under §§ 523(a)(4) and (a)(6), the Complaint alleges that: (a) the "Judgment has a

14

specific finding that ... Martin ... breached his duty of care to Plaintiff," (b) Martin "is

15

liable to Plaintiff for larceny and conversion of rental income," and (c) based upon the

16

allegations, Martin "acted with malice and oppression against Plaintiff." Complaint ¶¶ 9,

17

20 & 31 respectively. Harold's trial declaration, however, does not present any admissible

18

evidence that Martin stole rents or breached a fiduciary duty owed to Harold. Morevoer,

19

the Court of Appeal stated that the Judgment does not hold Martin breached any fiduciary

20

duty. Further, Martin's trial declaration specifically states that he never stole any money

21

or breached a fiduciary duty.

22

Under §§ 727(a)(2)(A) and (a)(3), the Complaint alleges that Defendants: (a) hid

23

cash in various places, (b) destroyed books and records from which their financial

24

condition can be ascertained, and (c) transferred real estate to Diana. Complaint ¶¶ 35, 40

25

& 8 respectively. Harold's declaration, however, provides no evidence that Defendants

26

27

[1] 100% of any filed proof of claim as determined by the Court after any objection.

28

[2] All citations are to the Bankruptcy Code unless indicated otherwise.

1    concealed any assets or that they destroyed any of their records.  Further, both Martin and

2    Diana state that they never concealed assets or destroyed records and that Martin

3    transferred property to Diana so that Diana could pay all creditors and keep any remaining

4    property for herself.  In short, there is no evidence that Martin or Diana concealed any

5    assets or made any transfer with the intent to hinder, delay or defraud a creditor.

6    Accordingly, the Court should enter judgment in favor of Defendants and against Plaintiff

7    as to each cause of action.

8

9                                              II.

10                              STATEMENT OF FACTS

11         On January 5, 2010, the Judgment was entered.  (Martin's Decl., ¶ 3; Diana's Decl.,

12    ¶ 3.)

13    **A.  The state trial court found no evidence of breach of fiduciary duty.**

14         In the Judgment, the state Court held that "Martin Pemstein breached his duty of

15    care to Harold Pemstein **in the collection of rent** on behalf of HMS Properties."  (*Id.*)  The

16    Court, however, did not find that Martin breached any fiduciary duty that he may have

17    owed Harold.  (*Id.*)  The California Court of Appeal confirmed that reading by stating that

18    the "trial court finds a lack of proof on all other claims by Harold . . . against Martin . . .,

19    [including] the breach of Martin's fiduciary duty."  Id. ¶10, attached as Exhibit "B" is a

20    copy of the Appellate Opinion, see pg. 6, ¶ 2.  Thus, there is no evidence that Martin

21    breached any fiduciary duty.

22    **B.  Martin transferred his property to Diana so that she could pay all creditors.**

23         After the Judgment was entered, in January 2010, Martin and Diana had several

24    discussions regarding a possible divorce and payment of the Judgment.  (Diana's Decl., ¶

25    4.)  Martin told Diana that he would transfer his marital property interests to Diana so that

26    Diana could pay all of Martin's creditors, including Harold, and so that Diana could keep

27    any remaining monies.  (Martin's Decl., ¶ 7; Diana's Decl., ¶ 6.)

28

1

In January 2011, Martin transferred to Diana his interest in:

2

(1) Commercial buildings located at 515 and 519 South Santa Fe Street, Santa Ana,

3

California;

4

(2) Defendants' 2516 Vista Baya, Newport Beach, California residence; and

5

(3) six (6) classic vehicles (the "**Property**"). (Martin's Decl., ¶ 6; Diana's Decl., ¶

6

5.) Martin transferred the Property so that Diana could pay all of Martin's creditors,

7

including Harold, and so that she could keep any remaining monies. (Martin's Decl., ¶ 7;

8

Diana's Decl., ¶ 6.) In transferring the Property, Martin and Diana did not intend to

9

hinder, delay, or defraud any creditor, including Harold. (Martin's Decl., ¶ 7; Diana's

10

Decl., ¶ 7.)

11

**C. Defendants filed their chapter 11 bankruptcy petition.**

12

On April 28, 2010, Defendants filed their petition in this case (the "**Bankruptcy**

13

**Case**"). (Martin's Decl., ¶ 8) Defendants filed the Bankruptcy Case because they were

14

unable to obtain a bond, which would have stayed enforcement of the Judgment. (Martin's

15

Decl., ¶ 9; Diana's Decl., ¶ 9.) Defendants feared Harold would enforce the Judgment and

16

cause their assets to be sold at liquidation values to the detriment of all creditors and

17

themselves. Defendants also filed the Bankruptcy Case so that they could slowly sell their

18

assets to get the maximum value for creditors and themselves. (*Id.*)

19

**D. Defendants have sufficient financial records.**

20

Martin and Diana have maintained, and continue to maintain, sufficient

21

documentation from which their financial condition or business transactions can be

22

ascertained. (Martin's Decl., ¶ 5; Diana's Decl., ¶ 11.)

23

///

24

///

25

///

26

///

27

///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## LEGAL ARGUMENT

**A.**    **Harold has failed to carry his burden of proof on his first cause of action**

**against Martin under § 523(a)(4).**

To prevail on a § 523(a)(4) claim, Harold must prove that Martin engaged in "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." "To show non-dischargeability under § 523(a)(4) for fraud or defalcation, a creditor must prove by a preponderance of evidence that (1) the debt was caused by fraud or defalcation, and that (2) there was a fiduciary relationship between the parties at the time the debt was created." In re Parr, (N.D. Tex. 2006) 347 B.R. 561, 564-65.

Harold has not carried his burden of proof because he has not presented any evidence of fraud, embezzlement or larceny caused by Martin.  Harold's declaration merely cites to the Judgment which states Martin "breached his duty of care to Harold Pemstein in the collection of rent . . .." Judgment, pg. 1, lines 26-27.  While the State Court found that Martin was negligent in his failure to collect rent, nowhere in the Judgment was there a finding that Martin breached any fiduciary duty.  Moreover, the Court of Appeal affirmed stating that the trial court found no evidence that Martin breached a fiduciary duty.  Martin Decl. ¶ 10, Exhibit "A," pg 6.  Accordingly, Harold has not carried his burden of proof as to his § 523(a)(4) claim.

**B.**    **Harold has failed to carry his burden of proof on his second cause of action**

**against Martin under § 523(a)(6).**

Section 523(a)(6) bars a discharge of a debt resulting from "**willful and malicious injury** by the debtor to another entity or to the property of another entity" (emphasis added). "[T]he 'willful' and 'malicious' requirements are considered independently." In re Barboza, 545 F.3d 702, 706 (9th Cir. 2008).  A "willful" injury is a "deliberate or intentional **injury**, not merely a deliberate or intentional **act** that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original). "A 'malicious'

injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.' " *In re Su*, 290 F.3d at 1146-47, quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir.2001).

Harold presented no evidence that Martin stole or hid any money from Harold or any deliberate or intentional injury.  Harold only points to the Judgment which states it was based upon Martin's breach of duty of care in the collection of rents.  Harold presented no evidence of a "deliberate or intentional injury," so Harold has not carried his burden of proof to support his § 523(a)(6) claim.

**C.    Harold has failed to carry his burden of proof on his third cause of action under § 727(a)(2)(A).**

The court can deny a discharge if a "debtor with **intent to hinder, delay or defraud a creditor** or an office of the estate charged with custody of property under this title has transferred, . . . (A) property of the debtor, within one year before the date of filing of the petition. . . ."  Debtors admit they transferred the Property within one year of the bankruptcy filing, but there is no evidence that they transferred the Property with the intent to delay, hinder or defraud a creditor.

Harold has the burden of proof, to show by a preponderance of the evidence, that Defendants transferred the Property with the intent to hinder, delay or defraud a creditor. *Aubrey v. Thomas (In re Aubrey)*, 111 B.R. 268, 273 (9th Cir. BAP 1990); *Grogan v. Garner*, 498 U.S. 279, 284 (1991).  Harold provided no evidence that Defendants hid cash in their home nor any evidence that Defendants intended to hinder, delay or defraud a creditor when Martin transferred the Property to Diana.  Martin and Diana testified that Martin transferred the Property to Diana so that she could pay all of Martin's creditors, including Harold. (Martin's Decl., ¶ 7; Diana's Decl., ¶ 6.).  Thus, the Court must find for Defendants on this claim because there is no evidence that Defendants intended to hinder, delay, or defraud any creditor.

///

*Defendants' Trial Brief*

**D.    Harold provided no evidence to support his fourth cause of action under §
727(a)(3).**

Harold has the burden to prove that Defendants have "concealed, destroyed,
mutilated, falsified, or failed to keep or preserve any recorded information," from which
their financial condition or business transactions might be ascertained.  § 727(a)(3) &
Fed.R.Bank.P. 4005.  Harold must show "(1) that the debtor failed to maintain and
preserve adequate records, and (2) that such failure makes it impossible to ascertain the
debtor's financial condition and material business transactions." *In re Cox*, 41 F.3d 1294,
1296 (9th Cir.1994) (*Cox II*), quoting *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d
Cir.1992).

Martin and Diana have produced numerous books and records, many of which
Harold's counsel introduced as evidence at the confirmation hearing trial.  Harold on the
other hand, has presented no evidence of any missing books and records.  Accordingly, the
Court should enter judgment in favor of Defendants and against Harold on this cause of
action.

## IV.

## CONCLUSION

For all of the above reasons, Defendants respectfully request that the court enter
Judgment in favor of Defendants and against Plaintiff as to all causes of action.


DATE: Nov. 22, 2011                FREDMAN KNUPFER LIEBERMAN LLP


By: _____
Alan W. Forsley
Attorneys for Defendants
Martin Pemstein and Diana Pemstein

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

FREDMAN KNUPFER LIEBERMAN LLP 1875 Century Park East, Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **DEFENDANTS' TRIAL BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 22, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **November 22, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via U.S. Mail*
Chambers of The Honorable
Robert Kwan
411 W. Fourth St., Ste. 5165
Santa Ana, CA 92701

*Via U.S. Mail*
Harold Pemstein
2430 Holiday Road
Newport Beach, CA 92660

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 22, 2011 | ADELAIDA OLVERA | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                             **F 9013-3.1**