Nancy Knupfer, Esq. (SBN 150051)
Alan W. Forsley, Esq. (SBN 180958)
FREDMAN KNUPFER LIEBERMAN LLP
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:   (310) 284-7350
Facsimile:   (310) 284-7352

Attorneys for Defendants Martin Pemstein
and Diana Pemstein

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br>MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>                                         Debtors.<br>_____<br>HAROLD PEMSTEIN,<br><br>                                         Plaintiff,<br>v.<br><br>MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>                                         Defendants.<br>_____ | CASE NO. 8:10-BK-15552-RK<br>Adv. No. 8:10-ap-01369-RK<br><br>Chapter 11<br><br>**DEFENDANTS' POST-TRIAL BRIEF**<br><br><u>Trial Date</u><br>Date: November 30, 2011<br>Time: 1:30 p.m.<br>Courtroom: 5D |

Defendants Martin Pemstein ("**Martin**") and Diana Pemstein ("**Diana**") (collectively "**Defendants**") submit this Post-Trial Brief in this adversary proceeding brought by Martin's brother Harold Pemstein ("**Harold**")(Harold and Defendants are collectively the "**Parties**").

///

---

1

*Defendants' Post-Trial Brief*

# I.

# INTRODUCTION

After the trial, the Court issued its tentative ruling finding for Defendants as to Harold's 11 U.S.C. §§ 523(a)(6) and 727(a)(2)(A) and (a)(3)[1] causes of action, but stated that it tentatively finds for Harold on the § 523(a)(4) breach of fiduciary duty claim. The Court said its tentative ruling is based upon:

(1) Harold's $696,218.03 State Court judgment in the Orange County Superior Court matter of Pemstein v. Pemstein case No. 802823 (the "**Judgment**")(Harold's Exhibit # 2);

(2) This Court's reading of In re Lewis, (9th Cir. 1996) 97 F.3d 1182; and

(3) That this Court believes the facts in this case are essentially the same as to those in Lewis (i.e., the Court believes there is a defalcation like in Lewis).

The Court then invited the Parties to brief the issue.

As set forth below, Harold has not met his burden of proof under § 523(a)(4) because (a) the Judgment provides no evidence of breach of a fiduciary duty, and (b) Lewis is not applicable because Lewis requires that the defendant have received and/or retained property to prove a defalcation. There was no evidence that Martin received any property (i.e., the rents). There was only evidence that Martin breached a duty to collect rents. Thus, there was and is no evidence of a defalcation.

---

[1] Unless otherwise indicated, all statute citations refer to the Bankruptcy Code.

## II.

## HAROLD DID NOT PROVIDE ANY EVIDENCE THAT MARTIN RETAINED PROPERTY SO THERE WAS NO DEFALCATION

**A. The State Court Judgment is insufficient proof to find a breach of fiduciary.**

Pursuant to § 523(a)(4), the Court can deny a debtor's discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." At trial, Harold wrongly argued that the Judgment language is sufficient to find the Judgment non-dischargeable. The Judgment, however, does not contain any language that it was based upon breach of fiduciary duty.

The Judgment, states that "Martin Pemstein breached his duty of care to Harold Pemstein **in the collection of rent** on behalf of HMS Properties." There was no finding that Martin breached any fiduciary duty. (*Id.*) Moreover, the California Court of Appeal confirmed by stating the "trial court finds a lack of proof on all other claims by Harold . . . against Martin . . ., [including] the breach of Martin's fiduciary duty." Appellate Opinion, pg 6, 2 (attached to Martin's Decl.) Thus, the Judgment itself is insufficient proof that Martin breached a fiduciary duty owed to Harold.

**B. The Judgment and/or trial testimony are insufficient proof of a defalcation.**

At trial, Martin and Harold testified they were 50% owners of HMS Properties, a general partnership. "California partners are fiduciaries within the meaning of § 523(a)(4)." In re Lewis, (9th Cir. 1996) 97 F.3d 1182, 1186. Thus, the Judgment would be non-dischargeable if it were the result of Martin's "fraud or defalcation" while acting as a partner of HMS Properties.

"Defalcation is defined as the '**misappropriation of trust funds** or **money held** in any fiduciary capacity; [the] failure to account for such funds.'" In re Lewis at 1186 (emphasis added).[2] Defalcation also "'includes the innocent default of a fiduciary who fails to account fully **for money received**.'" Id. (emphasis added). "Under section

---

[2] This Court said it did not find evidence of fraud, so that issue is not addressed in this brief.

1 | 523(a)(4), defalcation 'includes the innocent default of a fiduciary **who fails to account**
2 | **for money received**." Id. (emphasis added). Clearly, under Lewis a defalcation can only
3 | occur when there has been a receipt of money or property. Id., See also In re Ragsdale (9th
4 | Cir. 1986) 780 F.2d 794, 797 (the purpose is to "not grant discharges to those who have
5 | dishonestly misappropriated funds entrusted to them").
6 |     At trial, Harold did not present any evidence that the Judgment was based upon
7 | money Martin received, nor was there evidence that Martin received any money or
8 | property. In contrast, Martin, testified that the Judgment was the result of his **failure** to
9 | collect rents (which is evidence that Martin did not receive any money or property). There
10 | was no evidence that the Judgment was based upon Martin's receipt of any property, so
11 | there is insufficient evidence for this Court to find that a defalcation occurred.

### III.
### CONCLUSION

For all of the above reasons, Defendants respectfully request that the Court enter judgment in favor of Defendants and against Plaintiff as to all causes of action.

DATE: December 14, 2011

FREDMAN KNUPFER LIEBERMAN LLP

By: _____
Alan W. Forsley
Attorneys for Defendants
Martin Pemstein and Diana Pemstein

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FREDMAN KNUPFER LIEBERMAN LLP 1875 Century Park East, Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **DEFENDANT'S POST-TRIAL BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 14, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Alan W Forsley    awf@fredmanlieberman.com, awf@fkllawfirm.com;addy@fkllawfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On **December 14, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Chambers of The Honorable
Robert Kwan
411 W. Fourth St., Ste. 5165
Santa Ana, CA 92701

*Via U.S. Mail*
Harold Pemstein
2430 Holiday Road
Newport Beach, CA 92660

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 14, 2011 | ALAN W. FORSLEY | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    F 9013-3.1.PROOF.SERVICE