HAROLD S. PEMSTEIN, In Pro Per
2430 Holiday Road
Newport Beach, CA 92660
hpemstein@gmail.com

Creditor in Pro Per

**FILED**

DEC 29 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:10-bk-15552-RK |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | Chapter 11 |
| Debtors. | Adversary No. 8:10-ap-01369-RK |
| HAROLD PEMSTEIN, | |
| Plaintiff, | PLAINTIFF, HAROLD PEMSTEIN'S, REPLY TO DEBTORS' POST-TRIAL BRIEF |
| Vs. | |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | Trial Date |
| Defendants. | Date: November 30, 2011
Time: 1:30 pm
Courtroom: 5D |

Plaintiff, Harold Pemstein, hereby respectfully submits the following Reply to Debtors' Post-Trial Brief in the above matter.

I.

ARGUMENT

A.

THERE IS CLEAR EVIDENCE FROM THE SUPERIOR COURT

JUDGMENT THAT SHOWS MARTIN PEMSTEIN COMMITTED DEFALCATION

1   There is nothing 'new' being argued by Debtors / Defendants in their Post-Trial Brief.

2   Everything stated is a re-hashing of the arguments made during or at the conclusion of the trial

3   on November 30, 2011.

4   Defendants are arguing that the California Superior Court Judgment, rendered after

5   twelve (12) years of hotly-contested litigation, failed to find that Martin Pemstein breached his

6   fiduciary duty to his partner, Harold Pemstein, by collecting and keeping rent money received for

7   use of partnership properties. Defendants argue that since the Judgment by Judge Polos merely

8   stated that Martin "breached his duty of care in the collection of rent", that there was no breach

9   of fiduciary duty. Debtor further argues that Harold Pemstein had the further burden of proving

10  to the this court that Martin was found to have taken the rents from the HMS Holding Company

11  properties and used them for his own benefit. **This is a complete misstatement of the evidence**

12  **which was, in fact, presented to Judge Polos and which supported the Judgment by Judge**

13  **Polos.**

14  As was pointed out already in my Trial Brief, the disputes between creditor Harold

15  Pemstein and Debtor, Martin Pemstein, stem from the previous co-ownership of two businesses:

16  Pemma Corporation, a California corporation, and HMS Holding Company, a California at-will

17  general partnership (there was no written partnership agreement for HMS and no agreement for it

18  to continue after one of the two partners opted to dissolve it, thus rendering it an "at-will"

19  partnership under California Corporations Code Sections 16801, 16802). Such disputes began in

20  1998 and litigation was commenced in the California Superior Court for Orange County in or

21  about December 1998.

22  I demanded in 1998 that our partnership terminate so that I could take my assets and go

23  my own way. However, I was prevented from having my one-half of the partnership assets, and

24  ultimately prevented from having my one-half of the partnership income, because of Martin

25  Pemstein's unlawful seizure of our joint business ventures which included locking me out of the

26  businesses "unlawfully" as was stated by the Superior Court Judgment. Martin Pemstein *should*

27  *have, instead, acted within a reasonable time to wrap up the business of HMS, to pay off*

28  *creditors, to account to me for the partnership assets, and distribute my one-half of the*

1 | *partnership assets remaining while holding my one-half of the rents profit for me.* **(California**
2 | **Corporations Code Sections 16801(1), 16802, 16803). He did none of what he was required**
3 | **to do under applicable California law.**

4 | Instead, what Martin did was to continue to operate the HMS partnership as if he owned
5 | it completely; he collected all the rents due from the sole tenant, Pemma Corporation, which he
6 | also controlled and ran, and used the rents, both his one-half and my one-half, as he saw fit. He
7 | did not maintain separate partner accounts, he did not wrap up the business, he never accounted
8 | to me for my one-half of the rents collected and / or disbursed for any reason whatever. **The fact**
9 | **of what Martin did can be found in the reports by the CPA's appointed by the Superior**
10 | **Court to conduct the audit of HMS's records. Rents were paid every month by Pemma for**
11 | **years and Martin Pemstein, as an officer and director of Pemma, was the person who was**
12 | **responsible for making the payments from Pemma to the HMS partnership. The CPA**
13 | **reports clearly state that rents were paid and collected.**

14 | **It is the height of sophistry to argue as Debtors are doing, that "proof" has not been**
15 | **placed before this court that Martin Pemstein in fact collected rents and committed acts**
16 | **that are clearly "defalcations" due to his not holding Harold's money, not keeping records**
17 | **to account for Harold's money, and failing to pay the one-half of the rent money, almost**
18 | **$300,000 collected over the years, that belonged to Harold Pemstein.**

19 | B.

20 | THE CASE OF IN RE LEWIS DOES APPLY TO THE

21 | PRESENT CIRCUMSTANCES AND CONTROLS THE OUTCOME

22 | The case raised by the court, In re Lewis (9th Cir. 1996) 97 F.3d 1182, should control in
23 | this case as there is clear and unequivocal evidence that Martin Pemstein did, in fact, collect
24 | rents that belonged to Harold Pemstein, failed to account for them until sued and forensic CPA's
25 | were appointed to track down the money, and Martin Pemstein has never offered to pay to
26 | Harold the money he took and owes.

27 | The argument is the same here as set forth above: The Superior Court appointed forensic
28 | accountants to determine how much in rents were collected during the time that Harold Pemstein

1    was unlawfully ousted from participation in HMS Holding Company partnership, and how much

2    net rents were due to Harold as one-half partner of the HMS partnership.  The CPA's found that

3    almost $300,000 was collected from October 1998 through November 2005, when HMS and

4    Pemma were taken into bankruptcy by Martin Pemstein and others.  The court applied interest on

5    such funds and rendered its judgment that almost $700,000.00 was owed by Martin Pemstein to

6    Harold Pemstein.  The CPA records clearly disclose that rents were received by HMS and the

7    records also show that the sole person running HMS was Martin Pemstein.

8         Thus the question is begged: who but Martin Pemstein collected the rents?  Answer:

9    nobody else – it was always Martin Pemstein and that is why the judgment is against Martin

10   Pemstein.

11                                    SUMMARY

12        It is clear from the Superior Court judgment and other records that Martin Pemstein did,

13   in fact, receive the rent monies from the operation of HMS.  The CPA records introduced at trial

14   make that very clear as well.

15        If the court were to believe otherwise it would be extraordinarily unfair and prejudicial to

16   make such a holding without this court hearing all of the testimony that a new trial on the issues

17   raised in the State Court would bring forth.  This matter has been tried to Superior Court judges

18   on three (3) occasions already; it has been taken on appeal at least three times and debtor

19   attempted to have the California Supreme Court review it without success.  The litigation has

20   taken, including bankruptcies filed, twelve years, and it would now be totally inequitable for this

21   court to negate what the State Courts did over those twelve years without the bankruptcy court

22   being fully advised of all the facts that only another full trial would bring out.

23        There is no need to rehash what the State Courts have determined after extraordinary

24   litigation.  There also should be no reason for Debtors to fight the issue of dischargeability since

25   their own proposed Plan states that Harold Pemstein will be paid 100% on his claim.  In a

26   ///   ///   ///

27   ///   ///   ///

28   ///   ///   ///

1  balancing of the equities, the balance is clearly in Harold Pemstein's favor.

2        It is urged that the claim by Harold Pemstein be found to be nondischargeable.

3

4                                        Respectfully submitted,

5

6

7                                        Harold Pemstein, Plaintiff in pro per

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2430 Holiday Road, Newport Beach, CA 92660

A true and correct copy of the foregoing document described as, **PLAINTIFF, HAROLD PEMSTEIN'S, REPLY TO DEBTORS' POST-TRIAL BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_DECEMBER 28, 2011,_** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **_Fill in Date Document is Filed,_** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _DECEMBER 28, 2011,_ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
  A.  ALAN FORSLEY, Esq., 1875 CENTURY PARK EAST, STE. 2200, LOS ANGELES, CA 90067
      (310) 284-7352
  B.  USBC, COURTROOM 5D, HON. ROBERT KWAN, 411 W. 4TH STREET, SANTA ANA, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/28/11 | HAROLD PEMSTEIN | |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                    **F 9013-3.1.PROOF.SERVICE**