CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
4675 MacArthur Court, Suite 550
Newport Beach, CA  92660
Telephone:    (949) 250-4600
Facsimile:     (949) 250-4604
Email:          clblank@pacbell.net

Attorney for Plaintiff, Harold Pemstein

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In Re | **CASE NO. 8:10-bk-15552RK** |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | **Chapter 11** |
| Debtors. | **ADV. NO. 8:10-ap-01369RK** |
| HAROLD PEMSTEIN, | |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL BRIEF** |
| Vs. | **DATE:** January 18, 2012<br>**TIME:** 2:30 p.m.<br>**CTRM:** 5D |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | |
| Defendants. | |

**TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**I.     INTRODUCTION**

This supplemental brief addresses the issues that were raised and discussed at the post-trial hearing held in this court on January 18, 2012.  At that hearing, the court asked for further briefing as to whether the Defendant, Martin Pemstein ("Martin" or "Defendant"), was guilty of defalcation while acting in a fiduciary capacity.  The question of the Defendant's fiduciary capacity is not in dispute since the debt arose out of his service as a general partner for a partnership where Plaintiff, Harold Pemstein ("Harold" or "Plaintiff") was also a partner.

Rather, the court requested further briefing on the meaning of "defalcation" under 11 U.S.C. Section 523(a)(4).

## II.   ARGUMENT

The cases most relevant to this topic and the facts of this case are *Lewis v. Scott (In re Lewis),* 97 F.3d 1182 (9th Cir. 1996); *Otto v. Niles (In re Niles),* 106 F.3d 1456 (9th Cir. 1997); *Blyler v. Hemmeter (In re Hemmeter),* 242 F.3d 1186 (9th Cir. 2001); *Swihart v. Starzer (In re Starzer),* 331 B.R. 444 (Bankr. E.D. Cal. 2005); and *ATR-Kim Eng Capital Partners, Inc. v. Bonilla (In re Bonilla),* 2007 WL 3034800, Adv. No. 07-3079 TC (Bankr. N.D. Cal. 2007).

The principles enunciated by these cases are:  To fall within the §523(a)(4) exception to discharge the debt (1) must arise out of a trustee-like relationship that is imposed under state law without regard to malfeasance, (2) it must involve a *res* with which the fiduciary is charged with a duty of due care, (3) an innocent or negligent failure to exercise due care is sufficient, i.e., no *mens rea* is required, and (4) the fiduciary need not have benefitted from his want of due care.

In this case the parties stipulated in their joint pretrial order **[Docket 16]** that Harold and Martin are brothers and business partners.  (Paragraph 4, page 2, line 4).  Therefore, the trustee-like relationship is not disputed.  They stipulated that Harold obtained a judgment against Martin for $696,218.03 on January 5, 2010. (Paragraph 5, page 2, lines 7 & 8).  They stipulated that the 2010 judgment is final and has *res judicata* effect. (Paragraphs 11 and 12, page 2, lines 19 and 20).

In Martin's trial declaration **[Docket 25]** he admits that the 2010 Judgment states that "Martin Pemstein breached his duty of due care to Harold Pemstein in the collection of rent on behalf of HMS Properties."  (Paragraph 3, page 2, lines 14–16).  He also admits that the "Court found that I was negligent in my duty to collect rent."  (Paragraph 3, page 2, line 16).

Martin claims that no proof was offered that he actually collected rents due to the partnership and appropriated those rents to his own benefit.  The *res* in the present case was the property owned by the HMS partnership, not just the rents those properties generated.  The State Court held that Martin breached his duty of care in the collection of rents generated by those properties.  The most innocent explanation for that breach of duty would be that Martin simply

2                        PLAINTIFF'S SUPPLEMENTAL BRIEF

"forgot" to collect the rent.  Of course, Harold presented evidence that Martin's breach was more pernicious; however, under the relevant case law, no such proof is necessary.

Quoting approvingly from *Landis v. Scott,* 32 Pa. (8 Casey) 495 (Pa. 1859), the *Niles* court states:

> " 'The duty of a trustee . . . to keep regular and correct accounts is imperative. If he does not, every presumption of fact is against him. He cannot impose upon his principal . . . the obligation to prove [what] he has actually received. . . . By failing to keep and submit accounts, he assumes the burden of repelling the presumption and disproving negligence and faithlessness. . . . He is *prima facie* accountable for all the rents of all the properties, during the whole period of his agency, and he cannot be discharged from such accountability, **except by proof that he did not collect them, and could not collect them by the faithful exercise of due diligence.**' "

*Niles,* at 1462 (Emphasis added).  Therefore, whether Martin collected the rents and kept them for himself or simply failed to collect the rents, he is liable to Harold for his defalcation, and that debt is non-dischargeable.  The burden was on Martin, not Harold, to provide proof that he faithfully fulfilled his duty to collect rent and pay Harold's share to Harold.  Martin provided no such evidence.  Furthermore, such an argument would be directly contradictory to the 2010 judgment that found that he breached his duty of care, and his own declaration that admitted his negligence.

Martin's counsel mentioned the *Bonilla* case in oral argument, but that case does not help Martin.  Rather it is more helpful to Harold.  In *Bonilla*, the Defendant was a director of a Delaware corporation.  The Plaintiff obtained a $24.5 MM judgment against the Defendant in Delaware State court.  The judgment was based on the harm done to the Plaintiff when the majority shareholder transferred to himself substantially all of the corporation's assets. *Bonilla* at 1.  Mr. Bonilla argued that his debt was dischargeable because he did not personally benefit from the majority shareholder's wrongdoing.  In response, the court states:

3            PLAINTIFF'S SUPPLEMENTAL BRIEF

1  " 'It is not always necessary for [directors] to reap a personal profit or gain
2  a personal advantage in order for their actions in performance of their
3  quasi trust to be successfully questioned. Trustees owe not alone the duty
4  to refrain from profiting themselves at the expense of their beneficiaries.
5  They owe the duty of saving their beneficiaries from loss.' *Bodell v.*
6  *General Gas & Electric Corp.,* 132 A. 442, 447 (1926)."

*Bonilla,* at 1.

The *Bonilla* court distinguishes the facts of that case from the facts in *Hemmeter*. In *Hemmeter,* the Plaintiff sued the fiduciaries of an Employee Stock Ownership Plan and a 401k plan. The Plaintiff alleged that the fiduciaries should be responsible for the decline in value of those plans that occurred because the stock of the company (Morrison Knudson Corporation) that was held by those plans had declined in value. The court in *Hemmeter* declined to hold the alleged debt non-dischargeable because the fiduciaries were specifically authorized to invest the plan assets in company stock. The *Hemmeter* court held that no debt was owed to Plaintiff.

On the contrary, the *Bonilla* court states:

"Defendant's alleged acts are less like an unfortunate choice in the
purchase of stock than they are like leaving a large amount of cash
unguarded in a public place. As such, the alleged facts represent the type
of failure to account for trust property that has traditionally been the
hallmark of defalcation. *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1460–
62 (9th Cir.1997)."

*Bonilla,* at 3.

In the present case, whether Martin simply forgot to collect the rent, forgot where he put it, left it out in a public place, or kept it all for himself, the State Court held that his lack of care in the collection of rent damaged Harold to the tune of $700,000.00. Under the analysis of *Bonilla*, that debt is non-dischargeable.

*Starzer* is another example of the debt of a fiduciary being held non-dischargeable even when the fiduciary did not personally benefit and had merely acted negligently. In *Starzer,* the

4                                          PLAINTIFF'S SUPPLEMENTAL BRIEF

1 Defendant was a conservator. The conservatee's assets included a brokerage account that was
2 subject to margin calls. The Defendant failed to manage or pay attention to the brokerage
3 account which lost substantial value when the securities in it were liquidated to meet the margin
4 calls. The Defendant suffered a state court judgment surcharging her $82,143.20 plus costs of
5 suit in the amount of $9,555.10. That judgment was determined to be non-dischargeable
6 pursuant to §523(a)(4) because:

> "[I]gnoring the E-trade account and managing only the other parts of the
> Conservatorship estate thereby creating damage to Plaintiff in the amount
> set forth in the judgment, constituted defalcation while acting in a
> fiduciary capacity within the meaning of 11 U.S.C. §523(a)(4)."

*Starzer,* at 446.

### III. CONCLUSION

Martin was found liable to Harold for his failure to exercise due care in the collection of rents due to their partnership. Martin has admitted that he acted negligently in this regard. The record contains evidence suggesting a more sinister breach of duty; however, negligence is more than sufficient. It doesn't matter if Martin failed to collect the rent, or if Martin failed to pay Harold his share of the rents collected. It doesn't matter if the rents were supposed to be paid by a corporation that Martin controlled ("Pemma Corporation"), or a completely unrelated third party. It doesn't matter if Martin benefitted from his failure to exercise due care or not. All that matters is that Martin has been found to owe Harold a debt relating to the rents he was to collect as the general partner of their HMS Partnership. That debt is non-dischargeable pursuant to §523(a)(4).

DATED:    February 1, 2012

/S/ Christopher L. Blank
CHRISTOPHER L. BLANK, Attorney for
Plaintiff, Harold Pemstein

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**4675 MacArthur Court, Suite 550, Newport Beach, CA 92660**

A true and correct copy of the foregoing document described as **Plaintiff's Supplemental Brief** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 1, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Alan W Forsley on behalf of Defendants Martin and Diana Pemstein;
awf@fredmanlieberman.com; awf@fkllawfirm.com; and addy@fkllawfirm.com

United States Trustee (SA); ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**: U.S. MAIL**
On **February 1, 2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Robert Kwan
U.S. Bankruptcy Court, Central District (Santa Ana)
411 West Fourth Street, Rm. 5097
Santa Ana, CA 92701

Thomas H. Casey
22342 Avenida Empresa, Suite 260
Rancho Santa Margarita, CA 92688

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I caused to be served on the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 1, 2012 | Delores M Johnson | /s/ Delores M Johnson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**