```
Nancy Knupfer, Esq. (SBN 150051)
Alan W. Forsley, Esq. (SBN 180958)
FREDMAN KNUPFER LIEBERMAN LLP
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:  (310) 284-7350
Facsimile:  (310) 284-7352

Attorneys for Defendants Martin Pemstein
and Diana Pemstein
```

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br>MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>                        Debtors.<br>_____<br>HAROLD PEMSTEIN,<br><br>                        Plaintiff,<br>v.<br><br>MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>                        Defendants. | CASE NO. 8:10-BK-15552-RK<br>Adv. No. 8:10-ap-01369-RK<br><br>Chapter 11<br><br>**DEFENDANTS' SUPPLEMENTAL POST-TRIAL BRIEF**<br><br><u>Post Trial Hearing Date</u><br>Date: January 18, 2012<br>Time: 2:30 p.m.<br>Courtroom: 5D |

Defendants Martin Pemstein ("**Martin**") and Diana Pemstein ("**Diana**") (collectively "**Defendants**") submit this Supplemental Post-Trial Brief in response to Plaintiff Harold Pemstein's ("**Harold**") Supplemental Brief ("**Harold's Supplement**").

///

---

1

*Defendants' Supplemental Post-Trial Brief*

## I.
## INTRODUCTION

Harold wrongly argues that Martin had the initial burden of proof as to the 11 U.S.C. § 523(a)(4) claim.[1] Harold had the initial burden to prove that Martin was entrusted with his funds. Harold provided no evidence at trial that Martin received any funds, so Harold has failed to carry his burden of proof. Harold's $696,218.03 judgment (the "**Judgment**") is also dischargeable because it arose out of Martin's failure to fulfill a general fiduciary obligation (i.e., properly renting the properties) which debt is insufficient to prove a § 523(a)(4) claim.

Harold's Supplement further implies that the Judgment is the result of something "more pernicious" than a breach of duty of care in the collection of rents. Harold's Supplement, pg. 3, lns. 1-2. Harold, however, presented no evidence at trial as to the basis of the Judgment. Thus, this Court can only conclude that the Judgment arose out of the failure of Martin's general duty to collect rents and this is dischargeable.

## II.
## HAROLD FAILED TO PROVIDE EVIDENCE THAT MARTIN RECEIVED FUNDS, SO THERE WAS NO DEFALCATION

Harold, through and improper reading of In re Niles, (9th Cir. 1997) 106 F.3d 1456, wrongly argues that Martin had the burden, and not Harold, to prove a defalcation. Harold's Supplement, pg. 3, lns. 17-18. A Plaintiff in an § 523(a)(4) action must first prove ". . . that funds have been entrusted to the fiduciary and not paid over or otherwise accounted for." In re Niles, at 1462. In Niles, the Court concluded that the Plaintiff Otto had established her burden because she proved that defendant Niles received monies. After that proof, "the burden then shifted to Niles to account fully for all funds received by her for Otto's benefit." In re Niles, at 1462.[2]

---

[1] Unless otherwise notice, all further citations are to the Bankruptcy Code.

[2] The standard of proof for the dischargeability exceptions under § 523(a) is by a preponderance of the evidence." In re Schmidt, (Bkrtcy. D. Mont. 2000) 249 B.R. 13, 22( citing Grogan v. Garner, (1991) 498 U.S. 279, 291.

Harold, however, has not provided any evidence that Martin was entrusted funds. Harold only provided evidence that Martin did not receive rents. Thus, the burden never shifted to Martin to account for any funds received. Harold failed to provide evidence that Martin received any funds, so Harold's § 523(a)(4) claim fails.

### III.

### HAROLD MISTAKENLY ARGUES THAT DEBT FOR ANY BREACH OF FIDUCIARY DUTY IS NON-DISCHARGEABLE

Harold also argues, based upon a court holding that implies any breach of fiduciary duty is a defalcation, that Martin's failure to collect rents is sufficient to find a defalcation. In re Starzer, (E.D.Cal 2005) 331 B.R. 444, 448. That, however, is not the law of the 9th Circuit and Starzer is not binding on this Court.

"[T]he essences of a defalcation in the context of § 523(a)(4) is a failure to produce funds entrusted to a fiduciary. This concept does not embrace the normal acts within the business judgment of the fiduciary that, however flawed, do not involve failure to account or produce a beneficiary's funds." In re Hemmeter, (9th Cir. 2001) 242 F.3d 1186, 1191(emphasis added). Harold has only provided evidence that Martin, through poor judgment, failed to collect the rents which according to Hemmeter is insufficient evidence to prove a § 523(a)(4) claim.

Likewise, a § 523(a)(4) action does not include "a breach of the general fiduciary obligation" that a debtor may owe to a party. In re Evans, (9th Cir. BAP 1993) 161 B.R. 474, 479 (emphasis added). In Evans, the real estate agent debtor breached her fiduciary duty by not seeking option agreements which resulted in $171,763 of damages. Evans failed to "fulfill general fiduciary obligations placed upon a real estate broker . . . ." Id. at 478. In holding the debt dischargeable, the BAP stated that there was no trust res as the state court "did not find that the debtor failed to account for any money or property that had been entrusted to her." Id at 479. The Evans court added that "a defalcation requires a failure to account for the trust res of money or property that had been entrusted to the Debtor." Id. at 479.

The <u>Evans</u> facts are essentially the same as here. Evans was entrusted the duty to seek an option agreement and Martin the duty to care for the properties. Evans failed to seek the option agreement and Martin failed to collect rent from the properties. Like <u>Evans</u>, the state court did not find Martin failed to account for any money or property that was entrusted to him. The state court only found that Martin failed to fulfill his general fiduciary duty to collect rent (i.e., Martin breached his duty of care in the collection of rent). Thus, in following <u>Evans</u>, this Court too should find Martin's debt dischargeable.

The <u>Evans</u> decision is also in line with the "fresh start" policy of the Bankruptcy Code for the "honest but unfortunate debtor" that "insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life . . . unhampered by the pressure and discouragement of preexisting debt.'" <u>Grogan v. Garner</u> 498 U.S. 279, 287. Like <u>Evans</u>, Martin simply failed to properly perform a general fiduciary duty which failure is insufficient for this Court to find Harold proved his § 523(a)(4) claim.

## IV.
## CONCLUSION

For all of the above reasons, Defendants respectfully request that the Court enter judgment in favor of Defendants and against Plaintiff as to all causes of action.

DATE: February 15, 2012                FREDMAN KNUPFER LIEBERMAN LLP

By: _____
Alan W. Forsley
Attorneys for Defendants
Martin Pemstein and Diana Pemstein

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

FREDMAN KNUPFER LIEBERMAN LLP 1875 Century Park East, Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **DEFENDANTS' SUPPLEMENTAL POST-TRIAL BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 15, 2012,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Christopher L Blank    clblank@pacbell.net
- Alan W Forsley    awf@fredmanlieberman.com, awf@fkllawfirm.com;addy@fkllawfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **February 15, 2012,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Chambers of The Honorable
Robert Kwan
411 W. Fourth St., Ste. 5165
Santa Ana, CA 92701

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 15, 2012 | ADELAIDA OLVERA | _/s/ signature_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1