CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
4675 MacArthur Court, Suite 550
Newport Beach, CA  92660
Telephone:      (949) 250-4600
Facsimile:       (949) 250-4604
Email:             clblank@pacbell.net

Attorney for Plaintiff, Harold Pemstein

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re | CASE NO. 2:12-bk-15900RK |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | **Chapter 11** |
| Debtors. | **ADV. NO. 2:12-ap-1291RK** |
| HAROLD PEMSTEIN, | **PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL POST TRIAL BRIEF** |
| Plaintiff, | |
| Vs. | DATE:     January 18, 2012 |
| | TIME:     2:30 p.m. |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | CTRM:    5D, Santa Ana |
| Defendants. | |

Plaintiff, Harold Pemstein ("Harold") submits his reply to the Defendants' Supplemental Post Trial Brief as follows:

Bankruptcy Code §523(a)(4) requires that there be a trust *res.* It does not require that the *res* be cash. A partner has a fiduciary obligation to protect and account for partnership property. That property might be cash, it might be gold bars, it might be lottery tickets, or it might be real property. A partner who fails to protect and account for partnership property is guilty of defalcation within the meaning of §523(a)(4). Failure to protect gold bars or failure to collect and share lottery winnings with one's partner is a breach. So too, is the failure to collect or pay over rents of real property unless the defendant proves that, despite due diligence, no rents were

1                                       PLAINTIFF'S REPLY TO DEFENDANTS'
                                           SUPPLEMENTAL POST TRIAL BRIEF

or could have been collected. *Otto v. Niles (In re Niles),* 106 F.3d 1456, 1462 (9th Cir. 1997)(quoting *Landis v. Scott,* 32 Pa. (8 Casey) 495 (Pa. 1859)).

The burden to show that the *res* was properly cared for, and the rents were properly accounted for, falls on the defendant. The Defendant in this case offered no such evidence and actually admitted that he was negligent in failing to either collect the rent or account for the rents he collected.

*In re Evans*, 161 B.R. 474 (9th Cir. BAP 1993) is distinguishable. In *Evans* there was no *res. Evans* was a real estate broker who failed to properly document a deal she was hired to negotiate. In *Evans* the non-dischargeability judgment for plaintiff was reversed because the defendant was not placed in possession of any of the plaintiff's property. She may have breached a duty of loyalty or due care, but she did not fail to protect or account for property which had been placed in her possession, custody or control. There was no *res.* There was no technical trust in *Evans*. In this case there is. In this case, Martin was entrusted with industrial buildings – partnership property. He failed to protect or account for rents which were or could have been collected.

Martin's counsel has misstated the holding in *In re Starzer*, 331 B.R. 444 (Bankr. E.D. Cal. 2005). In *Starzer* there was a *res*. The defendant conservator had control over the plaintiff conservatee's E-Trade account. Through the conservator's inattention and negligence the securities in the E-Trade account were liquidated to meet margin calls, rendering the account worthless. The debt in *Starzer* was held non-dischargeable not based on some generalized notion of breach of fiduciary duty. The debt in *Starzer* was held non-dischargeable because the conservator had been entrusted with an asset, and allowed that asset to become valueless, not through the exercise of legitimate business judgment, but through negligence, i.e. defalcation.

*Starzer* is also distinguishable from *In re Hemmeter*, 242 F.3d 1186 (9th Cir. 2001). In *Hemmeter* there was a *res* – the assets of an Employee Stock Ownership Plan ("ESOP"), and there was no dispute that the *res* lost significant value while under the care of the defendant. However, in *Hemmeter* the court found that the defendant trustee of the ESOP had exercised appropriate business judgment in investing the assets in the company stock. That is, there was

1  no negligence, even though the assets declined in value.

2  In this case, is Martin seriously suggesting that it was within the appropriate exercise of
3  his business judgment to fail to collect the rents owed on the buildings with which he was
4  entrusted?  Is Martin seriously suggesting that his failure to share whatever rents he did collect
5  with Harold was also simply a matter of appropriate business judgment?  Those arguments
6  directly contradict the final judgment of the state court that found he failed to exercise due care.
7  Those arguments directly contradict his own admission that he was negligent.

## CONCLUSION

9  Martin Pemstein was entrusted with a valuable *res* – not cash, but industrial buildings
10 that were capable of generating cash.  Martin was found guilty of failing to exercise due care in
11 the collection of rents that were, or could have been, generated by those buildings.  Martin not
12 only offered no evidence to show that he wasn't negligent, he admitted he **was** negligent.
13 Martin's negligence damaged Harold to the tune of $700,000.00 plus.  That debt is non-
14 dischargeable under 11 U.S.C. §523(a)(4).

16 DATED:     February 21, 2012                    _____/S/Christopher L. Blank_____
                                                   CHRISTOPHER L. BLANK, Attorney for
17                                                 Plaintiff, Harold Pemstein

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**4675 MacArthur Court, Suite 550, Newport Beach, CA 92660**

A true and correct copy of the foregoing document described as **Plaintiff's Supplemental Brief** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 21, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Alan W Forsley on behalf of Defendants Martin and Diana Pemstein;
awf@fredmanlieberman.com; awf@fkllawfirm.com; and addy@fkllawfirm.com

United States Trustee (SA); ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**: U.S. MAIL**
On **February 21, 2012,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Thomas H. Casey
22342 Avenida Empresa, Suite 260
Rancho Santa Margarita, CA 92688

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 21, 2012,** I caused to be served on the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. **VIA PERSONAL DELIVERY**

Hon. Robert Kwan
U.S. Bankruptcy Court, Central District (Los Angeles)
255 E. Temple Street
Courtroom 1675
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 21, 2012 | Delores M Johnson | /s/ Delores M Johnson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                 **F 9013-3.1.PROOF.SERVICE**