Nancy Knupfer, Esq. (SBN 150051)
Alan W. Forsley, Esq. (SBN 180958)
FREDMAN KNUPFER LIEBERMAN LLP
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:  (310) 284-7350
Facsimile:   (310) 284-7352

Attorneys for Defendants Martin Pemstein
and Diana Pemstein

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>　　　　　　　　　　　Debtors.<br>_____<br>HAROLD PEMSTEIN,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>MARTIN PEMSTEIN and DIANA PEMSTEIN,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:12-BK-15900-RK<br>Adv. No. 2:12-ap-01291-RK<br><br>Chapter 11<br><br>**DEFENDANTS' FURTHER SUPPLEMENTAL POST-TRIAL BRIEF**<br><br><u>Post Trial Hearing Date</u><br>Date: April 10, 2012<br>Time: 3:00 p.m.<br>Courtroom: 1675 |

　　Defendants Martin Pemstein ("**Martin**") and Diana Pemstein ("**Diana**") (collectively "**Defendants**") submit this Further Supplemental Post-Trial Brief in response to the Court's tentative ruling finding Martin breach his fiduciary duty under 11 U.S.C. § 523(a)(4) because of an innocent defalcation (the "**Tentative Ruling**").

---

1

*Defendants' Further Supplemental Post-Trial Brief*

# I.

# INTRODUCTION

In arriving at its Tentative Ruling, this Court mistakenly considered facts regarding Martin's failure to collect rents for HMS Holding Company. In determining whether there was a defalcation, the Court could not consider whether Martin properly attempted to collect rents because it was not a listed issue of fact in the parties' Joint Pretrial Order ("**Pretrial Order**"). The Pretrial Order specifically limited the breach of fiduciary duty to disputed facts as to whether Martin stole or converted rents from Harold. Since the Pretrial Order did not state the facts regarding Martin's failure to collect rents was at issue, Harold waived this issue and the Court cannot consider it in determining whether Martin breached a fiduciary duty under 11 U.S.C. § 523(a)(4).

# II.

# THE RELEVANT PRETRIAL ORDER FACTS

1. "In that Superior Court lawsuit, did Plaintiff allege that Defendant Martin **unlawfully seized** control of the partnership in which they were equal partners and **stole** the rents from the partnership over a period of many years?" Pretrial Order ¶ 17, lns. 8-10 (emphasis added).
2. "Was the 2010 Judgment based upon a finding that Defendant Martin repeatedly and intentionally **stole** commercial rents and rental income that he knew belonged to Plaintiff?" Pretrial Order ¶ 19 (emphasis added).
3. "Did Defendants **secretly hide cash** in their home in various places, including hiding the cash in the walls of the home? Pretrial Order ¶ 27 (emphasis added).
4. "Did Defendants **steal** cash from the family business to the detriment of Plaintiff?" Pretrial Order ¶ 28 (emphasis added).
5. "Have Defendants ever accounted for the cash they allegedly stole?" Pretrial Order ¶ 29.

///

Case 2:12-ap-01291-RK    Doc 50    Filed 05/15/12    Entered 05/15/12 17:30:55    Desc
Main Document    Page 3 of 5

6. "With regards to the **2005 Judgment**, is the Judgment based upon the following: did Defendant Martin **steal** the rents that belonged to Plaintiff, from HMS – did he take them, not keep them in a segregated account, not account to Plaintiff for them, actually use such rents to pay for attorneys to litigate against Plaintiff and for other purposes, and has never offered to return them or make good the sums **stolen**? Pretrial Order ¶ 36 (emphasis added).

### III.
### THIS COURT CANNOT CONSIDER WHETHER THERE WAS AN INNOCENT DEFALCATION BECAUSE THOSE DISPUTED FACTS WERE NOT PART OF THE PRETRIAL ORDER

"Each party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate the case." Trinity Carton Co. v. Falstaff Brewing Corp. 767 F.2d 184, 192-193 (5th Cir. 1985). "To prevent prejudice, parties are typically considered bound by the statements and claims made in their pretrial order." Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 996 (2009 9th Cir.). "The claims, issues, and evidence are limited by the [pretrial] order and the course of the trial is thereby narrowed to expedite the proceeding." Krisher v. Xerox Corp. 102 F.Supp.2d 715, 718 (N.D. Tex. 1999).

"Once the [pretrial] order is entered, it controls the scope and course of the trial." Schadler v. Anthem Life Ins. Co., 147 F.3d 388, 392-93 n. 4 (5th Cir. 1998). "The General rule that a party may not 'offer evidence or advance theories at trial which are not included in the order or which contradict its terms' serves to prevent unfair surprise and encourage timely and orderly litigation." In re Sousa 252 F.Supp.2d 1046, 1057 (E.D. CA 2002). "If a claim or issue is omitted from the order, it is waived." Schadler, at 147.

Here, Harold waived his claim to seek breach of fiduciary duty under 11 U.S.C § 523(a)(4) for an innocent default because he did not include that factual dispute in the Pretrial Order. The Pretrial Order only states that there are issues of fact regarding

*Defendants' Further Supplemental Post-Trial Brief*

whether Martin stole rents or secretly hid cash. Thus, to prevail on the 11 U.S.C. § 523(a) action, Harold had to prove, which he did not, that Martin stole rents or secretly hid cash. The Pretrial Order does not state there are issues of fact regarding whether Martin innocently failed to collect rent. Had Martin known that Harold was going to try facts regarding Martin's failure to collect rent, Martin would have testified as to why he could not have collected the rents and/or why he collected the most rents he could under the circumstances.

When a party fails to include a disputed fact in a Pretrial Order, that party waives his right to seek judgment based upon such facts. See <u>Mid Continent Casualty Co. v. Eland Energy, Inc.</u>, 795 F. Supp. 2nd 493, 538 (N.D. Tx. 2011). Harold failed to include innocent default as a disputed fact in the Pretrial Order, so he has waived his right to seek judgment based upon such facts. Likewise, this Court cannot enter judgment against Martin based any innocent failure to collect rents.

### IV.
### CONCLUSION

For all of the above reasons, Defendants respectfully request that the Court enter judgment in favor of Defendants and against Plaintiff as to all causes of action.

DATE: May 15, 2012                                FREDMAN KNUPFER LIEBERMAN LLP

By: _____
Alan W. Forsley
Attorneys for Defendants
Martin Pemstein and Diana Pemstein

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

FREDMAN KNUPFER LIEBERMAN LLP 1875 Century Park East, Suite 2200, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **DEFENDANTS' FURTHER SUPPLEMENTAL POST-TRIAL BRIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 15, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Christopher L Blank   clblank@pacbell.net
- Alan W Forsley   awf@fredmanlieberman.com, awf@fkllawfirm.com;addy@fkllawfirm.com
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **May 15, 2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Chambers of The Honorable
Robert Kwan
255 E. Temple St., Ste1682
Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 15, 2012 | ALAN W. FORSLEY | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                           F 9013-3.1