CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
4675 MacArthur Court, Suite 550
Newport Beach, CA  92660
Telephone:     (949) 250-4600
Facsimile:      (949) 250-4604
Email:            clblank@pacbell.net

Attorney for Plaintiff, Harold Pemstein

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In Re | CASE NO. 2:12-bk-15900RK |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | Chapter 11 |
| Debtors. | ADV. NO. 2:12-ap-01291RK |
| HAROLD PEMSTEIN, | |
| Plaintiff, | **PLAINTIFF'S FINAL SUPPLEMENTAL BRIEF** |
| Vs. | **Post Trial Hearing Date** |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | DATE:   April 10, 2012 |
| | TIME:   3:00 p.m. |
| Defendants. | CTRM:   1675 |

**TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

**I.     INTRODUCTION**

This final supplemental brief addresses the evidentiary record as it relates to the issue of Defendant Martin Pemstein's defalcation while acting in a fiduciary capacity as requested at the post-trial hearing held in this court on April 10, 2012.  At that hearing, the court asked counsel to provide citations to the evidentiary record either supporting or disproving Plaintiff Harold Pemstein's allegations that the Defendant, Martin Pemstein ("Martin" or "Defendant"), was guilty of defalcation while acting in a fiduciary capacity.  11 U.S.C. §523(a)(4).

Defendant's Further Supplemental Post-Trial Brief does not make any references to any evidence that might disprove the allegations that Martin is guilty of defalcation. Martin has tacitly admitted that no such evidence was adduced at trial. Defendant's Further Supplemental Post-Trial Brief fails to argue that any evidence of Martin's defalcation should not be believed. Martin has tacitly admitted that Harold's evidence of defalcation was sufficient and believable.

Instead, Martin argues in his Further Supplemental Post-Trial Brief only that the question of defalcation was not properly preserved in the parties' Pre-Trial Order [**Docket 16**]. Martin is incorrect. The Pre-Trial Order squarely presents the legal question of Martin's defalcation as a fiduciary, i.e., his breach of fiduciary duty, and undisputed and indisputable evidence proves that Martin was guilty of such defalcation.

**II.    ARGUMENT**

    **A.    Undisputed and Indisputable Evidence of Defalcation as a Fiduciary.**

The question of the Defendant's fiduciary capacity is not in dispute since the debt arose out of his service as a general partner for a partnership where Plaintiff, Harold Pemstein was also a partner.

- Pre-Trial Order, **Docket 16**, Statement of Admitted Facts, Paragraph 4, Page 2, line 4 ("Plaintiff and Defendant Martin are brothers, and were business partners");
- Defendant Martin Pemstein's Trial Declaration, **Docket 25**, Paragraph 2, page 2, line 7 ("Harold and I are brothers and former business partners");
- Defendants' Post-Trial Brief, **Docket 34,** Page 3, lines 18 -22 ("At trial, Martin and Harold testified they were 50% owners of HMS Properties, a general partnership. 'California partners are fiduciaries within the meaning of § 523(a)(4)' In re Lewis, (9th Cir. 1996) 97 F.3d 1182, 1186. Thus, the Judgment [referring to the 2010 Orange County Superior Court Judgment] would be non-dischargeable if it were the result of Martin's 'fraud **or defalcation'** while acting as a partner of HMS Properties**."** (Emphasis added).

That Harold obtained a judgment against Martin for $696,218.03 on January 5, 2010 is not in dispute.

2    PLAINTIFF'S FINAL SUPPLEMENTAL BRIEF

- Pre-Trial Order, **Docket 16,** Statement of Admitted Facts, Paragraph 5, page 2, lines 7-8.

That the 2010 judgment is final and has *res judicata* effect was not disputed.

- Pre-Trial Order, **Docket 16,** Statement of Admitted Facts, Paragraphs 11 and 12, page 2, lines 19 and 20.

That the 2010 Judgment states that "Martin Pemstein breached his duty of due care to Harold Pemstein in the collection of rent on behalf of HMS Properties" is not in dispute.

- Defendant Martin Pemstein's Trial Declaration, **Docket 25,** Paragraph 3, page 2, lines 14–16.

That the 2010 Judgment was based on the court's finding that Martin was negligent in his duty to collect rent is not in dispute.

- Defendant Martin Pemstein's Trial Declaration, **Docket 25,** Paragraph 3, page 2, line 16 ("The Court found that I was negligent in my duty to collect rent.")

**B.    The Law of Fiduciary Duty and Defalcation under 11 U.S.C. §523(a)(4).**

The cases most relevant to this topic and the facts of this case are *Lewis v. Scott (In re Lewis),* 97 F.3d 1182 (9th Cir. 1996); *Otto v. Niles (In re Niles),* 106 F.3d 1456 (9th Cir. 1997); *Blyler v. Hemmeter (In re Hemmeter),* 242 F.3d 1186 (9th Cir. 2001); *Swihart v. Starzer (In re Starzer),* 331 B.R. 444 (Bankr. E.D. Cal. 2005); and *ATR-Kim Eng Capital Partners, Inc. v. Bonilla (In re Bonilla),* 2007 WL 3034800, Adv. No. 07-3079 TC (Bankr. N.D. Cal. 2007).

According to these cases: To fall within the §523(a)(4) exception to discharge the debt (1) must arise out of a trustee-like relationship that is imposed under state law without regard to malfeasance, (2) it must involve a *res* with which the fiduciary is charged with a duty of due care, (3) an innocent or negligent failure to exercise due care is sufficient, i.e., no *mens rea* is required, and (4) the fiduciary need not have benefitted from his want of due care.

As set forth above, Martin admitted that he was a partner with Harold, i.e., they had a trustee-like relationship. Martin admitted that he was entrusted with partnership property and the State Court determined that he acted negligently with respect to collection of rent on that property.

Quoting approvingly from *Landis v. Scott,* 32 Pa. (8 Casey) 495 (Pa. 1859), the *Niles* court states:

> " 'The duty of a trustee . . . to keep regular and correct accounts is imperative. If he does not, every presumption of fact is against him. He cannot impose upon his principal . . . the obligation to prove [what] he has actually received. . . . By failing to keep and submit accounts, he assumes the burden of repelling the presumption and disproving negligence and faithlessness. . . . He is *prima facie* accountable for all the rents of all the properties, during the whole period of his agency, and he cannot be discharged from such accountability, **except by proof that he did not collect them, and could not collect them by the faithful exercise of due diligence.**' "

*Niles,* at 1462 (Emphasis added).

Martin submitted no evidence that he did not collect the rents and could not collect the rents by the faithful exercise of due diligence. Therefore, whether Martin collected the rents and kept them for himself or simply failed to collect the rents, he is liable to Harold for his defalcation, and that debt is non-dischargeable. The burden was on Martin, not Harold, to provide proof that he faithfully fulfilled his duty to collect rent and pay Harold's share to Harold. Martin provided no such evidence. Furthermore, such an argument would be directly contradictory to the 2010 Judgment that found that he breached his duty of care, and his own declaration that admitted his negligence.

**C.    The Question of Breach of Fiduciary Duty under 11 U.S.C. §523(a)(4) was Properly Preserved in the Pre-Trial Order.**

Martin admitted that he acted negligently with respect to collection of rents on the HMS Properties assets. Therefore, there was no need to state this as a disputed fact in the Pre-Trial Order. Just because several other disputed facts were listed in the Pre-Trial order – facts that suggested intentional wrongdoing on Martin's part – proof of those facts was unnecessary to a

finding of defalcation while acting in a fiduciary capacity under 11 U.S.C. §523(a)(4). *See, discussion of the law of defalcation under 11 U.S.C. §523(a)(4), supra.*

The question of defalcation, or breach of fiduciary duty, was properly preserved in the Pre-Trial Order.

- Pre-Trial Order, **Docket 16,** Statement of Issues of Law to be Litigated, Paragraph 45, Page 5, lines 20 – 21 ("Did the 2010 Judgment have a specific finding that Defendant Martin Breached his duty of care to Plaintiff?);
- Pre-Trial Order, **Docket 16,** Statement of Issues of Law to be Litigated, Paragraph 52, Page 6, line13 ("Did Defendant Martin breach his fiduciary duty to Plaintiff?");
- Pre-Trial Order, **Docket 16,** Statement of Issues of Law to be Litigated, Paragraph 53, Page 6, lines 14 – 18 ("Did Defendant Martin breach his fiduciary duty to Plaintiff pursuant to Paragraphs 23 – 25 of the Complaint [which specify a partners duty of loyalty, duty of care and duty to account, among other things], commit the acts set forth therein that are prohibited by a partner, and commit fraud **and or defalcation** while acting in a fiduciary capacity by committing the acts set forth therein?")(Emphasis added.)
- Pre-Trial Order, **Docket 16,** Statement of Issues of Law to be Litigated, Paragraph 56, Page 6, lines 22 – 23 ("Did Defendant Martin violate 11 U.S.C. Section 523(a)(4) and should the discharge of the debt owed to Plaintiff be denied?")

The 2010 Judgment, and the evidence adduced at trial, as recounted above, compel a finding that Martin breached his fiduciary duty and committed "defalcation" as that term is defined in the case law interpreting 11 U.S.C. §523(a)(4). Although Martin may have believed that Harold needed to prove that Martin absconded with cash, or that he acted with wrongful intent, or that his acts were malicious – that belief was mistaken. No such proof was necessary. Negligence was enough and negligence was found by the State Court and admitted by Martin.

> " 'It is not always necessary for [directors] to reap a personal profit or gain a personal advantage in order for their actions in performance of their quasi trust to be successfully questioned. Trustees owe not alone the duty

> to refrain from profiting themselves at the expense of their beneficiaries. They owe the duty of saving their beneficiaries from loss.' *Bodell v. General Gas & Electric Corp.,* 132 A. 442, 447 (1926)."

*Bonilla,* at 1.

> "Defendant's alleged acts are less like an unfortunate choice in the purchase of stock than they are like leaving a large amount of cash unguarded in a public place. As such, the alleged facts represent the type of failure to account for trust property that has traditionally been the hallmark of defalcation. *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1460–62 (9th Cir.1997)."

*Bonilla,* at 3.

In the present case, whether Martin simply forgot to collect the rent, forgot where he put it, left it out in a public place, or kept it all for himself, the State Court held that his lack of care in the collection of rent damaged Harold to the tune of $700,000.00. Under the analysis of *Bonilla* and *Niles,* that debt is non-dischargeable.

### III. **CONCLUSION**

Martin was found liable to Harold for his failure to exercise due care in the collection of rents due to their partnership. Martin has admitted that he acted negligently in this regard. The Pre-Trial Order preserved the opportunity to submit evidence suggesting a more sinister breach of duty; however, negligence is more than sufficient. It doesn't matter if Martin failed to collect the rent, or if Martin failed to pay Harold his share of the rents collected. It doesn't matter if the rents were supposed to be paid by a corporation that Martin controlled ("Pemma Corporation"), or a completely unrelated third party. It doesn't matter if Martin benefitted from his failure to exercise due care or not. All that matters is that Martin has been found to owe Harold a debt relating to the rents he was to collect as the general partner of their HMS Partnership. That debt is non-dischargeable pursuant to §523(a)(4).

DATED:     May 29, 2012                    ____/S/Christopher L. Blank_____
                                           CHRISTOPHER L. BLANK, Attorney for
                                           Plaintiff, Harold Pemstein

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4675 MacArthur Court, Suite 550, Newport Beach, CA 92660**

A true and correct copy of the foregoing document described as **Plaintiff's Final Supplemental Brief** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 29, 2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Christopher L. Blank on behalf of Plaintiff Harold Pemstein – clblank@pacbell.net
Alan W Forsley on behalf of Defendants Martin and Diana Pemstein;
awf@fredmanlieberman.com; awf@fkllawfirm.com; and addy@fkllawfirm.com
United States Trustee (SA); ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**: U.S. MAIL**
On **May 29, 2012,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Hon. Robert Kwan<br>U.S. Bankruptcy Court, Central District (LA)<br>255 East Temple Street, Rm. 1682<br>Los Angeles, CA 90012 | Thomas H. Casey<br>22342 Avenida Empresa, Suite 260<br>Rancho Santa Margarita, CA 92688 |

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on N/A**,** I caused to be served on the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 29, 2012 | Delores M Johnson | /s/ Delores M Johnson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                          **F 9013-3.1.PROOF.SERVICE**