FILED

FEB 2 8 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:
Deputy Clerk

1  Martin Pemstein
2  38 Calle Aragon, Unit F
   Laguna Wood,  CA  92637
3  714-454-2791
            Pro Se

4

5

6          UNITED STATES BANKRUPTCY COURT
            CENTRAL DISTRICT OF CALIFORNIA
7              LOS ANGELES DIVISION

8

9  In Re                              )
                                      )   Bankruptcy Court Case Number
   MARTIN AND DIANA PEMSTEIN,         )        2:12-bk-15900RK
10                                     )
       Debtors In Possession,         )   Chapter 11
11                                     )
                                      )   Adv. Case Number
12 ─────────────────────────          )       2:12-ap-0129RK
                                      )     2:12-ap-01291 RK
13 HAROLD PEMSTEIN,                    )
                                      )
14        Plaintiff,                   )
                                      )
15 v.                                  )
                                      )   **DEFENDANT'S ISSUES OF LAW**
16 MARTIN PEMSTEIN,                    )
                                      )
17        Defendant.                   )
                                      )
18 ─────────────────────────          )

19

20

21

22

23
      TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNIES
24 OF RECORD;

25

26

27

28                                1

1                                       1.

2                              RES JUDICATA

3          The trial court is well aware that most of the matters have been decided between

4    the Plaintiff and the Defendant. The list below are causes of action that have been

5    adjudicated and the judgments are res judicata. In *FEDERATED DEPARTMART*

6    *STORES, Inc. v. MOITIE, 452 U.S.* (1981) "It (res judicata) is a fundamental and

7    substantial justice, 'of public policy and of private peace,' which should be cordially

8    regarded and enforced by the courts...." *Hart Steel Co. v. Railroad Supply Co.*, 244

9    U.S. 294, 299. Pp.380-402.  The doctrine of res judicata, also known as claim

10   preclusion, makes a final judgment on the merits binding upon all parties to the action

11   or any party in privity to the parties to the action, such that they cannot bring a second

12   suit based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322,

13   326 n. 5 (1979). A party is considered to be in privity to a prior party when the party to

14   the prior litigation represented the same legal right applied to the same subject matter.

15   *See Jefferson School v. Subversive Activities Control Bd.*, 331 F.2d 76, 83 (D.C. Cir.

16   1963). Res judicata prevents the parties or their privies from re-litigating both the

17   issues that were raised and the issues that could have been raised in the prior litigation.

18

19                                       A.

20                         Second Amended Complaint

21                             December 3, 2001

22                               Exhibit D2

23   1.  Breach of fiduciary duty to Plaintiff.

24   2.  Removing HMS's books and records.

25   3.  Denying plaintiff access to HMS's books and records, and denying plaintiff the

26        right to inspect and copy HMS's records.

27

28                                       2

4. Provide to plaintiffs any information concerning HMS's business and affairs required for plaintiffs properly to exercise their rights as duties as partners.

5. Provide plaintiffs information plaintiffs requested concerning HMS

6. Withholding information from Plaintiffs to obtain advantage over Plaintiffs

7. Failing to account to HMS and hold as trustee the properties, profit, and benefits Defendant Martin derived, including using HMS funds to pay for attorneys Martin engaged to defend himself and HMS in this action.

8. Dealing with HMS and its assets during the period after October 28, 1998 in a manner adverse to Plaintiffs.

9. Refusing to act in good faith and deal fairly with Plaintiffs during the period after October 28, 1998.

10. Excluding plaintiffs from HMS's properties

11. Failing and refusing to provide Plaintiffs material necessary for Plaintiffs to prepare federal and state tax returns from and after January 1, 1999.

12. Refusing to set market rents for HMS's properties after Plaintiffs demanded Defendant Martin to do so thus resulting in Defendant Martin obtaining a preferential profit through increased profits in Pemma, an entity that Plaintiffs have received no income or dividends from since October 28.1998.

13. Encouraging, and facilating suits against HMS and Plaintiffs to obtain a collateral advantage over Plaintiffs.

In the plaintiff's exhibit P1, "STATEMENT OF DECISION AND JUDGMENT: (page 2,line 22) "Pursuant to Appellant Court direction, this Statement of Decision is a final equitable order as to all the proceedings and all causes of action in these consolidated proceedings. JUDGMENT (page 23, line 14)

It is adjudged:

1    (1) Pemma Corporation is to be dissolved

2    (2) HMS holding Company is to be dissolved

3    (3) Each party is to bear their own fees and Costs

4

5    B.

6    STIPULATION TO 1) TERMINATE PURPORTED LEASES

7    BETWEEN HMS HOLDING COMPANY AND PEMMA

8    CORPORATION; 2) ENTER INTO NEW LEASES

9    October 27, 2006

10    Exhibit D4

11

12    II.

13    STIPULATION

14    (page 32)

15

16    **WHEREFORE,** the Trustee of both Pemma and HMS estates, Harold Pemstein,

17    and Martin Pemstein agree, subject to Court approval, as follows:

18    14.  Unpaid rent arrearages from Pemma Corporation to HMS Holding Co. are equal

19    to $45,000.00.

20    15. The only additional rent claim that HMS is reserving is the right to claim an

21    amount in excess of .60cents a square foot that Pemma is or was obligated to pay

22    HMS was too low and Pemma, as a matter of law, was obligated to pay a greater

23    sum.

24    16. "Rent" for purposes of this section 2 includes <u>only</u> the monthly charge for

25    occupancy and shall not include any other charges, costs or expenses payable by

26    Pemma under the lease.

27

28    4

1  17. <u>Binding</u>. This Stipulation shall be binding on the Parties hereto when each such

2  Party has executed at least one (1) counterpart, subject only to Bankruptcy Court

3  approval.

4

5                              C.

6                  ORDER APPROVING:

7  (B)STIPULATION TO (1) TERMINATE PURPORTED LEASES

8        BETWEEN HMS HOLDING COMPANY AND PEMMA

9      CORPORATION; AND (2) ENTER INTO NEW LEASES:

10                October 27, 2006

11

12  **Ordered** that the motion is granted as follows:

13    2.  The Stipulation to (1) Terminate Purported Leases Between HMS Holding

14  Company and Pemma Corporation and (2) Enter Into New Leases ("Lease

15  Stipulation"), a copy of which is attached hereto as Exhibit 2, is approved.

16        Dated Oct. 28, 2006 (signed) Honorable John E. Ryan

17

18    14-17 are Stipulations agreed upon, Court Ordered and the doctrine judicial

19  estopple under which a party who by his pleadings, statements or contentions, under

20  oath, has assumed a particular position in a judicial proceeding is estopped from

21  assuming an inconsistent position in a subsequent action . See Sailes v Jones, 499

22  P.2d 721, 17 Ariz.App. 593. The doctrine of res judicata may also apply. Martin

23  conducted the affairs of HMS in an orderly manner.  Martin  wasn't found guilty of

24  any heinous acts Plaintiff claims. Martin, by stipulation collected all the rents from

25  Pemma on behalf of HMS Holding Co.. Martin was not a fiduciary with regards to

26  the collection of higher rents after the Parties stipulated HMS could ask for higher

27  rents as a matter of law.

28                    5

1

2                                              2.

3                    The United States Bankruptcy Appellate Panel

4                            Of the Ninth Circuit (BAC)

5

6         The state court judgment says defendant breached his <u>duty of care</u> in the

7    collection of rents on behalf of HMS, not breach of fiduciary duty. The BAC admits

8    that it <u>inferred</u> that defendant breached his fiduciary duty, and came to their

9    conclusion based on that inferred theory. Defendant was found not guilty of breach

10   of fiduciary duty on three previous ruling. The doctrine of res judicata is applied to

11   final judgments, on the merits, between the same parties, on the same causes of

12   action. *FEDERATED DEPARTMART STORES, Inc. v. MOITIE, 452 U.S.* (1981).

13        The BAC claims under California law, a breach of duty of care means the

14   state court found that Martin had engaged in "grossly negligent or reckless conduct,

15   intentional misconduct or a knowing violation of the law". The trial court declared

16   there was no request for a statement of decision, and none was given. The BAC can't

17   assert, or infer those heinous acts were committed, Plaintiff had the opportunity at

18   the trial to prove his case, and did not. "In the usual case, having established that

19   there is a duty of care, the <u>claimant</u> must prove that the defendant failed to do what

20   the reasonable person ("reasonable professional", "reasonable child") would have

21   done in the same situation. If the defendant fails to come up to the standard, this will

22   be a breach of the duty of care." <u>*Roe v Minister of Health*</u> (1954) 2 AER 131,

23        Harold's argument and <u>alleged</u> evidence proving that Martin had, at one

24   point in time, put the partnership into bankruptcy to avoid the state court's

25   dissolution order, and this was a breach of his fiduciary duty. Another weak attempt

26   to label the Martin's care of the partnership as a breach of fiduciary duty. The

27   Stipulation to (1) Terminate Purported Leases Between HMS Holding Co. and

28                                              6

1   Pemma Corporation: and (2) Enter into New Leases [Defendants exhibit D4] entered

2   on October 27, 2006 disputes that contention, at page 30, line 10 of that Stipulation;

3   "A. On or about November 21, 2005("Petition Date"), **voluntary** (emphasis added)

4   petitions for relief under Chapter 11 of the Bankruptcy Code were filed on behalf of

5   Pemma and HMS".  The doctrine of judicial estopple  under which a party who by

6   his pleadings, statements or contentions, under oath, has assumed a particular

7   position in a judicial proceeding is estopped from assuming an inconsistent position

8   in a subsequent action . See Sailes v Jones, 499 P.2d 721, 17 Ariz.App. 593

9            The BAC cites (Ragsdale 780 F.2d at 796-97) "California partners are

10  fiduciaries within the meaning of section 523 (a) (4). Plaintiff was a partner; he's a

11  fiduciary as the BAC claims. Was the defendant charged with the duties to collect

12  rents, or pay the expenses……as with Bullock above, he was appointed, Martin was

13  not.  Harold could have at all times collected rent or sent quit or pay notices to

14  Pemma Corporation, he didn't. There were no past due notices sent by plaintiff,

15  because there was no past due rent. "WHEREFORE, the Trustee of both Pemma and

16  HMS estates, Harold Pemstein, and Martin Pemstein agree, subject to Court

17  approval, as follows: Unpaid rent arrearages from Pemma Corporation to HMS

18  Holding Co. is equal to $45,000.00.", was Stipulated to and Order Approved by the

19  bankruptcy judge in the HMS proceedings. The doctrine of judicial estopple  under

20  which a party who by his pleadings, statements or contentions, under oath, has

21  assumed a particular position in a judicial proceeding is estopped from assuming an

22  inconsistent position in a subsequent action . See Sailes v Jones, 499 P.2d 721, 17

23  Ariz.App. 593..

24

25           The inferences to support a claim for breach of fiduciary duty continues

26  when BAC relies on the DCA Opinion, "[t]he only issue remaining was the equitable

27  accounting for rents Harold claimed Martin owes him." The 2005 "Statement of

28                                                          7

1    says "collection of rent on behalf of HMS". There were no claims for rent that

2    Harold says Martin owes him. In the Stipulation of the Pemma Corporation and

3    HMS Bankruptcy, unpaid rent arrearages from Pemma Corporation to HMS Holding

4    Co. are equal to $45,000.00. Harold stipulated to that, the doctrine of judicial

5    estopple  under which a party who by his pleadings, statements or contentions, under

6    oath, has assumed a particular position in a judicial proceeding is estoped from

7    assuming an inconsistent position in a subsequent action . See Sailes v Jones, 499

8    P.2d 721, 17 Ariz.App. 593. Also the doctrine of res judicata is appropriate,

9    "STATEMENT OF DECISION AND JUDGMENT: (page 2,line 22) "Pursuant to

10   Appellant Court direction, this Statement of Decision is a final equitable order as to

11   all the proceedings and all causes of action in these consolidated proceedings. The

12   doctrine of res judicata is applied to final judgments, on the merit, between the same

13   parties, on the same causes of action. *FEDERATED DEPARTMART STORES, Inc.*

14   *v. MOITIE, 452 U.S.* (1981).

15        Every scenario in which BAC has claimed defendant was in breach of his

16   fiduciary duty, an element required to support a claim for defalcation, the facts and

17   circumstances they applied were either incorrect, inaccurate, or inferred. The

18   judgment may say breached his duty of care, but without a statement of decision

19   nobody knows what the intent was. Was the defendant capable of collecting the rent,

20   we don't know that either. The plaintiff had a duty at trial to present the facts that

21   would support the contention that Defendant was charged with the collection of

22   rents , if  in fact that constitutes defalcation.

23        In Bullock v. BankChampaign, "Justice Stephen J. Breyer delivered a

24   unanimous opinion holding that a bankruptcy proceeding resulting from "fraud or

25   defalcation" is not dischargeable and that the **term "defalcation" encompasses**

26   **knowledge of or grossly reckless behavior in a fiduciary capacity**. The Court

27   held that the term should include a knowledge or intent requirement because such a

28                                    8

held that the term should include a knowledge or intent requirement because such a reading follows statutory and judicial precedent". This reinforces defendants position that plaintiff was required at trial to prove defendant had <u>grossly reckless behavior</u>, and failed that requirement! In Bullock, Randy Bullock was the appointed trustee, expressed terms on what was allowable as the trustee were fully acknowledged, and he breached those terms. Randy was found guilty of breach of fiduciary duty. In the instant matter, there were no appointments, there were no guidelines, and defendant was never found guilty of breach of fiduciary duty. Either party was a fiduciary to the other, as the BAC explained in *Ragsdale* 780 F.2d at 796-97. Plaintiff has failed to meet his fiduciary duty to HMS, and to Martin also.

3.

Summary

These proceeding have gone on for 16 years, every stone has been turned over numerous times. Every possible cause of action has been thrown at the defendant. The 2005 Judgment clearly say, every cause of action and every equitable order has been adjudicated. Plaintiff, defendant and the Trustee all agreed there was no uncollected rent in 2006, other than the $45,000.00 in collected rent checks that were in HMS's possession. That is also Ordered by Judge Ryan. Plaintiff is barred by asserting claims he had in 2005, 16 years later. The Doctrines of res judicata, and judicial estopple apply to all of the contentions made in this court. As Beezer said in Sterns v. Marshall, 547 U.S. 293 (2006) " We conclude that the findings of the Texas probate court should be afforded preclusive effect because it is the **earliest final judgment on the matters relevant** to this proceeding."

9

1    February 27, 2014

Martin Pemstein    Pro Se

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document entitled (specify): Defendant's Issues of Law _____

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) _02/28/2014____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Robert Kwan                    Christopher Blank
U.S. Bankruptcy Court               4675 MacArthur Court,  Suite 550
255 East Temple Street, Rm 1682     Newport Beach,  CA 92660
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/28/2014 | Cameron Pemstein | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1 PROOF SERVICE