CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 250-4600
Facsimile: (949) 250-4604
Email: clblank@pacbell.net

Attorney for Defendant, Harold Pemstein

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In Re | CASE NO. 2:12-bk-15900RK |
| MARTIN PEMSTEIN, DIANA PEMSTEIN, | **Chapter 11** |
| Debtors. | **ADV. NO. 2:12-ap-01291RK** |
| HAROLD PEMSTEIN, | **PLAINTIFF'S STATEMENT OF FACTS AND ISSUES OF LAW ON REMAND** |
| Plaintiff, | **Pretrial Conference** |
| Vs. | DATE: 03/18/14 |
| MARTIN AND DIANA PEMSTEIN, | TIME: 11:00 a.m. |
| Defendants. | CTRM: 1675 |

**TO THE COURT, ALL INTERESTED PARTIES, AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**

    Plaintiff, Harold Pemstein, submits his Statement of Facts and Issues of Law on Remand as follows:

**I.    INTRODUCTION**

    The following excerpts from the opinion of the Bankruptcy Appellate Panel decision in this case set forth the guidelines for the facts and issues to be determined on remand.

> "We conclude that the bankruptcy court defined defalcation too
> narrowly. We also conclude that this error was not harmless, as we cannot

otherwise affirm the decision.  We, therefore, REVERSE the bankruptcy court's narrow application of § 523(a)(4) defalcation, we VACATE the denial of Harold's § 523(a)(4) claim, [footnote omitted] and we REMAND for further findings with respect to the applicability of issue preclusion for defalcation under § 523(a)(4) consistent with this Memorandum or, if the bankruptcy court does not enter a judgment based on issue preclusion, for reconsideration by the bankruptcy court of its conclusions after trial.

"On remand, the bankruptcy court also should be mindful of the Supreme Court's recent decision in *Bullock v. BankChampaign, N.A.,* 2013 U.S. Lexis 3521 (U.S. May 13, 2013).  [Footnote omitted.]  In *Bullock*, the Supreme Court resolved the split among the circuits regarding the mental state that must accompany defalcation under § 523(a)(4) (in doing so, it considered and spoke to the meaning of § 523(a)(4) 'defalcation'). Although we reverse here based on the bankruptcy court's application of an incorrect legal interpretation of defalcation, and not based on the scienter standard articulated in *Bullock*, on remand the bankruptcy court should consider reopening evidence regarding intent, given that Bullock requires a heightened standard not previously required in the Ninth Circuit."

BAP Statement of Decision ("BAP SOD") page 2, line 13 – page 3, line 8.

"The 2010 Judgment was based on the finding that Martin had breached his duty of care to Harold.  Under California law, this finding necessarily means that the state court found that Martin had engaged in 'grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law' while acting as a trustee over partnership assets. Cal. Corp. Code § 16404(c).  And, as specifically stated in the 2010 Judgment, that conduct related to the 'collection of rent on behalf of' the

1   partnership."

2   BAP SOD, page 5, lines 7-15.

3   "The bankruptcy court here found 'no factual dispute that Martin
4   was acting in a fiduciary capacity as a partner of Harold in HMS
5   Properties, a family business.' *In re Pemstein*, 476 B.R. at 257. And for
6   purposes of issue preclusion, on its face the 2010 Judgment was based on
7   Martin's breach of his duty of care to Harold in Martin's actions in
8   connection with partnership business.

9   "The critical question here is whether the 2010 Judgment was
10  based on Martin's defalcation. The bankruptcy court based its negative
11  answer to this question on the omission from the 2010 Judgment of any
12  statement that 'Martin had failed to account for rents he received.' Id.
13  (emphasis in original). Our analysis of existing court decisions, supported
14  by the Supreme Court's discussion in the recent *Bullock* decision, leads us
15  to conclude that actual receipt of funds subject to a trust is not necessary
16  to establish defalcation."

17  BAP SOD, page 13, lines 13-19.

18  "Thus, as the 2010 Judgment was the result of Martin's failure to
19  account for partnership property entrusted to him, the bankruptcy court
20  utilized an incorrect legal rule when it denied the 2010 Judgment issue
21  preclusive effect, based on the assumption that defalcation resulted only
22  when the fiduciary fails to account for cash actually received."

23  "In its decision, the bankruptcy court opined that the 2010
24  Judgment may have been based on a finding of 'negligence,' which the
25  bankruptcy court thought insufficient to establish defalcation. *In re*
26  *Pemstein*, 476 B.R. at 259. We find no support in the record for a finding
27  of simple negligence. The State Court Complaint contained no negligence
28  cause of action. And, at the time the bankruptcy court rendered its

decision, at least in the Ninth Circuit, 'the term "defalcation" include[d] innocent, as well as intentional or negligent defaults.' *In re Lewis*, 97 F.3d at 1186 (citation omitted).  Thus, the bankruptcy court's concern that Martin may have been found only negligent, even if true, did not support the bankruptcy court's ruling under the standard in effect at that time in the Ninth Circuit.  We acknowledge, however, that the *Bullock* decision abrogates the Ninth Circuit's previous standard that omitted a scienter element for § 523(a)(4) defalcation, and the bankruptcy court's analysis on remand must reflect the change. In brief, *Bullock* instructs us that the necessary state of mind for § 532(a)(4) defalcation is 'one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior.' *Bullock v. BankChampaign, N.A.*, 2013 U.S. Lexis 3521, *5.  In the 2010 Judgment, the term 'duty of care' applies to one of the two statutory fiduciary duties of partners to one another and the partnership as enunciated in the California Corporations Code.  See Cal. Corp. Code § 16404(c).  This duty required Martin to refrain from 'engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law' in the conduct and winding up of the partnership business.  Thus, in light of this statutory provision, the state court necessarily found that Martin's collection of rents was no less than 'grossly negligent or reckless conduct,' 'intentional misconduct,' or 'a knowing violation of law.' Id.  Whether such findings, made in the context of the civil litigation and tort concepts that were before the state court, satisfy the heightened standard established in *Bullock* is not for this Panel to determine for the first time as a reviewing court and must be determined by the bankruptcy court on remand.

"CONCLUSION

"Based on the foregoing, we conclude that the bankruptcy court

erred when it ruled that Harold's § 523(a)(4) claim failed because Harold did not prove that Martin actually received funds for which he failed to account. We determine that this error was not harmless. We, therefore, REVERSE the bankruptcy court's narrow application of § 523(a)(4) defalcation, we VACATE the denial of Harold's § 523(a)(4) claim, and we REMAND for further findings regarding issue preclusion or, if found to be otherwise not applicable, for determinations of the sufficiency of evidence at trial in light of our conclusions herein, or for further consideration of evidence as the bankruptcy court deems necessary in light of the intervening Supreme Court decision in *Bullock*."

BAP SOD, page 16, line 21-page 17, line 25.

## II.  STATEMENT OF LEGAL AND FACTUAL ISSUES THAT ARE NOT SUBJECT TO DISPUTE ON REMAND

Based on the foregoing excerpts of the BAP decision, the following issues of fact and law are not subject to dispute on remand:

1.  The January 5, 2010 Judgment in favor of Harold Pemstein against Martin Pemstein conclusively establishes $696,218.03 as the principal amount of Harold Pemstein's claim against Martin for the purposes of this non-dischargeability action.

2.  Martin Pemstein, as a partner of HMS, owed Harold Pemstein a "fiduciary duty," as that term is used in 11 U.S.C. Section 523(a)(4), with respect to all partnership property of HMS, including rents that were, or could have been collected by HMS.

3.  The January 5, 2010 Judgment conclusively establishes that Martin had engaged in "grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law" while acting as a trustee over partnership assets. Cal. Corp. Code § 16404(c). And, as specifically stated in the 2010 Judgment, that conduct related to the "collection of rent on behalf of" the partnership.

4.  Actual receipt of funds subject to a trust is not necessary to establish defalcation.

5. The January 5, 2010 Judgment was the result of Martin's failure to account for partnership property entrusted to him.

6. The state court necessarily found that Martin's collection of rents was no less than "grossly negligent or reckless conduct," "intentional misconduct," or "a knowing violation of law."

7. The Supreme Court's decision in *Bullock v. BankChampaign, N.A.,* 133 S. Ct. 1754 (2013) instructs us that the necessary state of mind for § 532(a)(4) defalcation is "one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior."

8. The relevant fiduciary behavior in this case was Martin's obligation to collect, account for and pay over to Harold, rents that were or should have been collected by HMS.

## III. STATEMENT OF LEGAL AND FACTUAL ISSUES THAT ARE RIPE FOR DECISION ON REMAND.

Based on the foregoing excerpts of the BAP decision, the following issues of fact and law remain to be determined on remand.

1. Is the California standard of breach of duty of care set forth in Cal. Corp. Code Section 16404(c) congruent with the standard for defalcation set forth in *Bullock*?

If the answer to the above question is yes, then no further facts or legal issues need to be determined. Judgment determining Martin's debt to Harold to be non-dischargeable should be entered as a matter of law based on the doctrine of issue preclusion. If the answer to the above question is no, then the following facts and legal issues need to be determined at trial.

2. Were the damages caused to Harold by Martin's failure to properly collect, pay over or account for rents on behalf of HMS, the result of Martin's knowingly improper conduct?

3. Were the damages caused to Harold by Martin's failure to properly collect, pay over or account for rents on behalf of HMS, the result of Martin's grossly reckless conduct?

DATED:    March 14, 2014                /s/Christopher L. Blank

1   CHRISTOPHER L. BLANK, Attorney for
Defendant, Harold Pemstein

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4675 MacArthur Court, Suite 550, Newport Beach, CA 92660.**

A true and correct copy of the foregoing document entitled (*specify*):**Plaintiff's Statement of Facts and Issues of Law on Remand** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **03/14/14,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christopher L Blank on behalf of Plaintiff Harold Pemstein; clblank@pacbell.net
United States Trustee (SA); ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **03/14/14**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

MARTIN PEMSTEIN, Pro Se
38 Calle Aragon, Unit F
Laguna Woods, CA 92637

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **03/14/14**, I served or caused to be served on the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Robert Kwan
U.S. Bankruptcy Court, Central District (LA)
255 East Temple Street, Rm. 1682
Los Angeles, CA 90012
**VIA PERSONAL DELIVERY**

Martin Pemstein, Pro Se
**VIA EMAIL:  mrcarguy@sbcglobal.net**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/14/14 | DELORES M JOHNSON | /S/ DELORES M JOHNSON |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                             **F 9013-3.1.PROOF.SERVICE**